Dear Mr. Bradford:
This is in response to your question asking:
 "What is the statutory salary for the members of the Commission on Labor and Industrial Relations?
You have provided us with a copy of an amended salary schedule for the Department of Labor and Industrial Relations executed by the Governor and filed with the Secretary of State on January 24, 1978, purportedly submitted in accordance with Section 1.6(2) of the Reorganization Act. The pertinent salary range and schedules set out therein are as follows:
 Chairman, Labor and Industrial Relations Commission $40,000
Commissioners $40,000
The statutory salaries of the members of the Labor and Industrial Relations Commission, payable from various funds, are as follows:
$ 4,500 (section 286.121, RSMo)
$ 2,000 (Section 290.461, RSMo)
$ 4,000 (Section 286.095, RSMo)
$ 7,500 (Section 286.030, RSMo)
 $10,000 (Amendment to Omnibus State Reorganization Act of 1974, Appendix B, Section 8.1, RSMo)
As can be seen, the total statutory compensation provided for such members is $28,000. The maximum set by the amendments to the Omnibus State Reorganization Act, hereafter referred to as the Reorganization Act, is $40,000.
Under Article IV, Section 49, of the Missouri Constitution, as amended in 1972, the Department of Labor and Industrial Relations is in charge of a labor and industrial relations commission consisting of three members appointed by the Governor by and with the advice and consent of the Senate. The constitutional provision is implemented by Section 8.1 of the Reorganization Act, as initially adopted in 1974 and as amended in 1977.
Section 8.1 provides:
 "1. There is hereby created a `Department of Labor and Industrial Relations' to be headed by a labor and industrial relations commission as provided by section 49, article IV, constitution of Missouri. All the powers, duties and functions of the industrial commission are transferred by type I transfer to the labor and industrial relations commission and the industrial commission is abolished. The commission shall nominate and the governor shall appoint, by and with the advice and consent of the senate, the director of the department to be the chief administrative officer of the department. The salary of the director shall be forty thousand dollars per annum. Members of the industrial commission on the effective date of this act shall become members of the labor and industrial relations commission and the terms of the labor and industrial relations commission members shall be the same as provided by law for the industrial commission. Individuals appointed as members of the industrial commission shall serve the remainder of the term to which they were appointed as members of the labor and industrial relations commission. The members of the labor and industrial relations commission shall receive the compensation set by law for members of the industrial commission except that for the additional duties imposed by this section each member of the commission shall receive in addition to other compensation allowed by law the sum of ten thousand dollars annually, to be paid in equal monthly installments. The board of rehabilitation is abolished as hereinafter set out and upon effective date of this act no compensation shall be paid to any person as a member of the board of rehabilitation, other provisions of the law notwithstanding. No member of the labor and industrial relations commission shall receive more than forty thousand dollars annually from all sources of compensation. The director of the department shall appoint other division heads in the department. For the purposes of subsections 6, 7, 8 and 9 of section 1 of this act, the director of the department shall be construed as the head of the department of labor and industrial relations."
The earlier law provided for a maximum compensation of $28,000 for members of the Labor and Industrial Relations Commission, whereas the amendment raised the maximum to $40,000.
Under Section 1.6(2) of the Reorganization Act a reorganization plan and changes thereto may be filed by the head of a department with the Secretary of State, the Revisor of Statutes and the Commissioner of Administration and are required to be published in the appendix to the Revised Statutes of Missouri and supplement to the Revised Statutes. Such reorganization plans are required to be filed on or before December 31 of each year and thereafter become effective, as applicable to departments, divisions, agencies, boards, commissions, units, or programs transferred by type II or type III transfers under the Reorganization Act, only as provided in Sections 26.500 to 26.540, RSMo, except as provided in subsections 12 and 13 of Section 1. The reference to subsections 12 and 13 of Section 1 is not relevant here.
It is clear that the Reorganization Act transferred the powers, duties, and functions of the Industrial Commission by a type I transfer to the Labor and Industrial Relations Commission and abolished the Industrial Commission. In our view, reorganization plans involving type I transfers may be filed annually, as provided, to be effective when filed except as otherwise specified in such plans.
The salary schedule you enclosed with your opinion request was filed with the Secretary of State on January 24, 1978. However, it is our view that it is not necessary at this time to determine whether the plan was timely filed with the Secretary of state, the Commissioner of Administration and the Revisor of Statutes. Therefore, we do not consider those questions.
This office concluded in Opinion No. 53-1975, copy enclosed, that department heads have authority under the Reorganization Act to set the salary of division and other administrative positions subject to appropriations therefor and that the salary of the Adjutant General could be increased by the Director of the Department of Public Safety pursuant to Section 1.6(2) of the Reorganization Act. Clearly Opinion No. 53-1975 is not applicable to members of the Labor and Industrial Relations Commission because department reorganization plans under Section 1.6(2) only "provide for the level of compensation for division and other administrative positions". Therefore, Opinion No. 53-1975 does not purport to authorize the members of the Labor and Industrial Relations Commission to effect a change in their compensation by the department's reorganization plan.
Section 8.1 of the Reorganization Act, which we have quoted above, provides that the members of the Labor and Industrial Relations Commission shall receive the compensation set by law for members of the Industrial Commission, except that for the additional duties imposed by such section, each member of the commission shall receive in addition to other compensation allowed by law the sum of $10,000 annually to be paid in equal monthly installments. Such section further provides that no member of the Labor and Industrial Relations Commission shall receive more than $40,000 annually from all sources of compensation.
Section 8.1 of the Reorganization Act, which contains the provisions respecting the compensation of the members of the Labor and Industrial Relations Commission is not ambiguous and therefore cannot be changed by construction, for to do so would be an invasion of the legislative power. Thompson v. City of Lamar,17 S.W.2d 960 (Mo. 1929).
We further note, in conclusion, that if the legislature intended the commission members to have a straight compensation of $40,000 per annum, the legislature could have so stated in Section 8.1 quite clearly as was done in such section in setting the salary of the director at $40,000 per year. Since the legislature has not chosen to do so, we feel we must follow the plain meaning of the provisions quoted. We do not have the authority to give such provisions a meaning which is contrary to the plain import of the statutory language.
CONCLUSION
It is the opinion of this office that the total compensation of the members of the Labor and Industrial Relations Commission is $28,000 per annum.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 53 3/18/75, Garrett